# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
### (Greenbelt)

| | |
|---|---|
| JANE DOE           ) | |
|                    ) | Case No. _____ |
|   Plaintiff,       ) | JURY TRIAL DEMANDED |
|                    ) | |
| v.                 ) | |
|                    ) | |
| NEW ORLEANS SOCCER ACADEMY           ) | |
| Registered Agent: Leo Broders | |
| 7013 Amanda St., Metairie, LA 70003  ) | |
|                    | |
| and                ) | |
|                    | |
| LOUISIANA SOCCER ASSOCIATION         ) | |
| Registered Agent: Zebulon M. Winstead | |
| 3416 North Blvd. #3607, Alexandria, LA 71301  ) | |
|                    | |
| and                ) | |
|                    | |
| UNITED STATES YOUTH SOCCER           ) | |
| ASSOCIATION | |
| Registered Agent: Simon Collins      ) | |
| 7020 Buttonbush Loop, Harmony FL 34773-6003 | |
|                    ) | |
| and                ) | |
|                    ) | |
| UNITED STATES SOCCER FEDERATION      ) | |
| Registered Agent: CT Corporation System | |
| 1200 S. Pine Island Rd., Plantation, FL 33324-4413 | |
|                    ) | |
| and                ) | |
|                    ) | |
| BRIAN LANDRY       ) | |
| 5109 Castle Tower Dr.                ) | |
| Saint Charles, MO 63304-7484 | |
|                    ) | |
|   Defendants.      ) | |
|                    ) | |

## COMPLAINT

COMES NOW Plaintiff JANE DOE, by and through counsel, and hereby states the following for her Complaint against Defendants: New Orleans Soccer Academy, Louisiana Soccer Association, United States Youth Soccer Association, United States Soccer Federation, and Brian Landry.

## PARTIES

1. Plaintiff JANE DOE is an adult citizen and resident of Texas.

2. At all times relevant hereto, NEW ORLEANS SOCCER ACADEMY ("NOSA" herein) was a Louisiana Corporation licensed to do and/or doing business in the State of Louisiana, who may be served through its registered agent for service of process, Leo Broders, 7013 Amanda St., Metairie, LA 70003.

3. At all times relevant hereto, LOUISIANA SOCCER ASSOCIATION ("LSA" herein) was a Louisiana Corporation licensed to do and/or doing business in the State of Louisiana, who may be served through its registered agent for service of process, Zebulon M. Winstead, 3416 North Blvd. #3607, Alexandria, LA 71301.

4. At all times relevant hereto, UNITED STATES YOUTH SOCCER ORGANIZATION ("USYSA" herein) was a foreign corporation licensed to do and/or doing business in the State of Maryland, who may be served through its registered agent for service of process, Simon Collins, 7020 Buttonbush Loop, Harmony FL 34773-6003.

5. At all times relevant hereto, UNITED STATES SOCCER FEDERATION ("USSF" herein) was a foreign corporation licensed to do and/or doing business in the State of Maryland, who may be served through its registered agent for service of process, CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324-4413.

2

6. At all times relevant hereto, Defendant Brian Landry ("Landry") is and was an individual and a youth soccer coach who held himself out to the general public as qualified and competent. He may be served at 5109 Castle Tower Dr., Saint Charles, MO 63304-7484.

7. Defendants NOSA, LSA, USYSA, AND USSF are both individually liable and vicariously liable for their negligence and the negligent actions and inactions of their agents, servants, and/or employees who were responsible for the safety of youth involved with these organizations at all relevant times, including the negligent actions and inactions by their coach and/or agents, including Brian Landry.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d) because there is diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. The Court is the proper venue for this case under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## FACTS

10. Plaintiff played soccer throughout her childhood, and was a minor participant and member of NEW ORLEANS SOCCER ACADEMY ("NOSA"), LOUISIANA SOCCER ASSOCIATION ("LSA"), UNITED STATES YOUTH SOCCER ASSOCIATION ("USYSA"), and the UNITED STATES SOCCER FEDERATION ("USSF"). As a minor player participant in these organizations, Plaintiff was under these Defendants' control, dominion, and/or supervision.

11. Plaintiff held much promise as an elite soccer player. Plaintiff was recruited by NOSA to play in divisions well above her age group, and fees were waived for her to participate due to her talent and value as a player at the club.

12. Plaintiff achieved remarkable success at an early age in the sport. Plaintiff was part of the Olympic Development program for a number of years, she was a two-time all-state honoree for Louisiana, named as one of the state's most valuable players and recruited to a Division 1 soccer team to play college soccer where she played only one year.

13. However, the sexual abuse Plaintiff suffered (described within) impacted Plaintiff in ways she did not fully understand until well into adulthood. The sexual abuse of Plaintiff changed the trajectory of her collegiate and professional soccer career, and she did not reach the promise she held before the sexual abuse. The trauma deeply impacted her focus, physical well-being, and emotional health.

14. At all times material hereto, Defendant BRIAN LANDRY was a coach for NOSA, which, upon information and belief, operated under the LSA's, USYSA's, and USSF's governance and control. Upon information and belief, Defendant Landry is affiliated with, and coaching for, organizations operating under USYSA and/or USSF's governance and control to this day.

15. Defendant NOSA was a youth soccer organization operating under Defendant LSA, Defendant USYSA, and Defendant USSF in New Orleans, Louisiana.[1]

16. LSA, or the Louisiana Soccer Association, is the Governing Body of Soccer in the State of Louisiana.[2] The Louisiana Soccer Association is affiliated with United States Soccer Federation (USSF), US Youth Soccer or US Youth Soccer Association (USYSA) and has over 50 member clubs around the State of Louisiana. *See* fn. 1.

---

[1] Louisiana Soccer Association, "Constitution of the Louisiana Soccer Association: Youth Division Administration," (http://soccer.koz.com/clubs/120/FSLO-943380627-754120.htm: 3 Mar 2001 - 6 Jun 2002); archived at *Wayback Machine* (https://web.archive.org/)
> https://web.archive.org/web/20010303054352/http://soccer.koz.com/clubs/120/FSLO-943380627-754120.htm >
12 February 2024 >  citing a capture dated February 12, 2024.

[2] Founded in 1985, LSA is the U.S. Soccer and U.S. Youth Soccer state association for the State of Louisiana, as stated on LSA's official YouTube Channel. *See* https://www.youtube.com/channel/UCOtUW-gh-55-gu-LUocFPEw, *last visited* February 2, 2024.

17. USYSA, or the United States Youth Soccer Association, organizes and oversees youth soccer in the United States.[3] Membership in USYSA begins locally in the particular state where an athlete resides.[4]

18. Upon joining USYSA, athletes are both a member of USYSA and the athlete's state governing association, here the LSA, as demonstrated by the affiliation on both USYSA's and LSA's websites. *See* fn. 3.

19. Upon joining NOSA, Plaintiff in this matter was a member of the LSA.

20. LSA also notes in their tournament rules from this time period that for competitions players and coaches were required to present their player and coach USYSA identification cards before play could begin at soccer tournaments and events.

21. The players and coaches were both members of/supervised by and participated in tournaments and competitions maintained by Defendants LSA, USYSA, and USSF.

22. To be able to play in tournaments under Defendant LSA, coaches and players had to be members and have player identification and coach identification cards that were presented at events, listed as the "USYSA Card." *See* fn. 1 at p. 37 and p. 48.

23. Per LSA's Constitution, misconduct was to be reported to USSF and then sent to LSA. *See* fn. 1 at p. 41. Further, per LSA's Constitution, USSF is and was the "controlling body over National Youth Soccer teams." *See* fn. 1 at p. 44.

24. Despite the growth of men's and women's professional soccer in the United States in the last few decades, by far the largest category of soccer in the United States, at least in terms of participation, is youth soccer.

---

[3] https://www.usyouthsoccer.org/, *last visited* February 2, 2024.
[4] https://www.playlouisianasoccer.org/; *last visited* February 2, 2024.

25.     Though organized locally by organizations all over the United States, there are two main youth soccer organizations working nationwide through affiliated local associations (USYSA, or the United States Youth Soccer Association, and AYSO, or the American Youth Soccer Organization). USYSA is the largest, boasting over three million players between the ages of five and 19. This make soccer one of the most-played sports by children in the United States.[5]

26.     The United States Soccer Federation, commonly referred to as "U.S. Soccer" (herein, "USSF"), is the official governing body of the sport of soccer in the United States.

27.     Headquartered in Chicago, USSF is a full member of FIFA and governs American soccer at the international, professional, and amateur levels, including: the men's and women's national teams, Major League Soccer, National Women's Soccer League, youth organizations, beach soccer, futsal, Paralympic, and deaf national teams.

28.     USSF sanctions referees and soccer tournaments for most soccer leagues in the United States. USSF also administers and operates the U.S. Open Cup and the #SheBelieves Cup.[6]

29.     Defendant USSF presents itself to the public and to its members as an organization that prioritizes the safety and well-being of its athletes, which include minors like Plaintiff.

30.     Defendant USSF holds itself out as being "committed to a culture of ethical conduct, safety, and compliance." USSF is the controlling body of national youth soccer teams.[7]

---

[5] The Aspen Institute, Project Play "State of Play 2020." https://projectplay.org/state-of-play-2020/ages-13-17; *last visited* February 13, 2024.
[6] "U.S. Soccer: History". ussoccer.com. Archived from the original on December 3, 2016; Retrieved July 16, 2013.
[7] *See* fn. 1 at 312: State Youth Select Team Program, A. Purpose: " The USSF, controlling body for the National Youth Team(s)…"

31. At all times material to this Complaint, Defendant BRIAN LANDRY was a soccer coach for NOSA teams, including the age group teams in which Plaintiff was one of the youngest members.

32. At all times relevant, Defendant Landry acted under the umbrella of Defendant NOSA, Defendant LSA, Defendant USYSA, and Defendant USSF.

33. At all times relevant, Defendants LSA, USYSA, and USSF were supervising competitions and tournaments, and were undertaking the supervision of minor athletes such as Plaintiff for their own business and profit.

34. Defendants NOSA, LSA, USYSA and Defendant USSF were also all supervising Defendant Brian Landry, as Landry was a coach operating at these entities' practices, competitions, and tournaments.

35. Defendant LSA required permits for teams to travel outside the state and had "control/approval" over the teams, athletes and coaches. *See* fn. 1.

36. Defendant LSA required misconduct to be reported to USSF and LSA. *See* fn. 1 at pl 41. USSF, again, is and was the controlling body for youth soccer. *See* fn. 1 at p. 44.

37. Plaintiff was a member of NOSA, which operated under Defendants, LSA, USYSA, and USSF rules and supervision.

38. Plaintiff competed on NOSA teams coached by Defendant Brian Landry, as well as Rick King from 1997-2003.

39. Plaintiff was required to be a member of USYSA, and Plaintiff had a USYSA identification card for tournament play, that LSA required to be presented per their rules at events. *See* fn. 1 at p. 37 and p. 48.

40. Defendants NOSA, LSA, USYSA, and/or USSF placed Defendant Landry in a position of authority over Plaintiff and other minor female athletes on soccer teams and within the sport of soccer.

41. Defendants NOSA, LSA, USYSA, and USSF knew or should have known that Defendant Landry had a history of sexually inappropriate behavior with minor athletes and illegal acts including criminal sexual penetration (statutory rape), and knew or should have known that allowing Defendant Landry to coach children posed significant risks to the children on their teams and in their programs, including Plaintiff.

42. Defendants NOSA, LSA, USYSA, and USSF failed to inform Plaintiff or other minor athletes or their parents of the information it had about the propensities and prior history of Defendant Landry, which would have alerted them to the risk of harm Defendant Landry posed to Plaintiff.

43. At all times relevant, Defendant Landry was repeatedly working with minor children, including Plaintiff, unsupervised both at Defendants' various facilities and events and at their homes and apartments, under the guise of providing coaching and athletic support.

44. Defendant Landry negligently, recklessly, and/or intentionally misused his position as youth soccer coach to groom, abuse, exploit, and injure Plaintiff and others.[8]

45. Defendant Landry repeatedly sexually harassed and ultimately sexually assaulted Plaintiff (and others, *see* fn. 7) while she was a minor and member of the NOSA team coached by Defendants Landry, and governed by LSA, USYSA, and USSF.

---

[8] Three other survivors of abuse by Landry and King have filed suit in Louisiana, alleging the same or similar causes of action for abuse suffered during the same time period as Plaintiff's abuse, herein. Cause No. 2024-05449 in the Civil District Court for the Parish of Orleans, State of Louisiana, filed June 13, 2024.

46. At the time of Plaintiff's abuse, Defendants NOSA, LSA, USYSA, and USSF lacked policies, procedures, training guidelines, and other protections to protect minor athletes and prevent abuse.

47. At the time of Plaintiff's abuse, Defendants NOSA, LSA, USYSA, and USSF also lacked policies, procedures, training guidelines, and other protections to properly monitor and supervise their coaches.

**ABUSE SUFFERED BY PLAINTIFF**

48. Plaintiff began playing for Defendants NOSA, LSA, USYSA, and USSF at 13 years of age, in 1997. Plaintiff played soccer for Defendants NOSA, LSA, USYSA, and USSF from 1997 until the summer of 2003.

49. Plaintiff joined NOSA at 13 years of age, playing "up" to the UC-15 and UC-16 age groups since she was younger than 15 and then 16 at the time.

50. At the time that Plaintiff played in the UC-15 and UC-16 age categories, Defendant Brian Landry was the head coach, and Rick King was the director of goalkeeping.

51. Plaintiff witnessed Defendant Landry and King constantly cross appropriate boundaries with the minor children they were coaching, including without limitation by touching the girls (including Plaintiff) without their consent during practices, grabbing the girls' legs and arms, making comments about the girls' weight and looks, and making inappropriate sexual comments about the girls' legs and butts.

52. Defendant Landry and King engaged together in a practice of grooming the girls on their teams to sexually abuse them, including Plaintiff, and created a culture of grooming that was known to all involved with the teams they coached, including Defendants NOSA, LSA, USYSA, and/or USSF.

53. Plaintiff was groomed to accept such behavior from her coaches despite being made uncomfortable by the nonconsensual touching, groping, and inappropriate sexual comments she received from Defendant Landry and King.

54. During the fall of 2000 – when Plaintiff was approximately 15 years old – Defendant Landry lured Plaintiff to sit beside him under a blanket during travel for a tournament, where, under the blanket, he sexually assaulted and committed criminal sexual contact against Plaintiff, who was a minor child at the time.

55. The tournament where the abuse started and/or occurred was the WAGS (Washington Area Girls Tournament), held and located at a venue in Maryland, and further held by, supervised by, and/or controlled by Defendants NOSA, LSA, USYSA, and USSF.

56. Plaintiff was a minor at the time of the sexual abuse, which continued at the tournament hotel in Maryland.

57. Defendant Landry sexually abused Plaintiff under the guise and furtherance of "coaching" Plaintiff. Specifically, Defendant Landry unlawfully and intentionally touched and penetrated intimate parts of Plaintiff's body, including her vagina.

58. Defendant Landry continued to abuse Plaintiff, inviting her to his home and, along with Rick King, feeding her shots of alcohol while Plaintiff was still a minor. Plaintiff recalls waking up in Defendant Landry's bed, not knowing where she was or what had occurred the night prior.

59. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered, and will continue to suffer, physical pain and suffering, mental anguish, loss of enjoyment of life, and has incurred medical expenses related to her damages.

60. Plaintiff's damages include the extreme detriment to her mental health, and soccer career. Plaintiff's soccer play and mental health suffered substantially after the abuse and violation of trust she experienced.

61. Plaintiff transferred during her senior year of high school after the abuse, becoming extremely paranoid that a coach at her high school was stalking and following her. Plaintiff lost trust and confidence in her coaches as a result of the sexual assault, and eventually stopped being able to go to school, leading to a transfer that affected her mental health, opportunities, security, and well-being as a child, student, and athlete.

62. Plaintiff's mental health continued to deteriorate in college, again as a result of the abuse she experienced as a minor child. Despite being the highest ranked player in the state, and one of the highest in the country, Plaintiff broke her commitment to a top-10 ranked program to remain in state (a major step down), which was a decision heavily influenced by the fear, loss of trust, and general deterioration of Plaintiff's mental health as a result of the abuse.

63. Plaintiff went on to have a tumultuous college coaching experience as a result of the abuse she suffered by Defendant Landry, resulting in multiple team suspensions and a drastic worsening in Plaintiff's level of play. Further, the trauma of the abuse and the stress associated with same caused physical stress which manifested in physical illness in Plaintiff. As is common in children who are victims of abuse, the trauma strained Plaintiff's health and had a negative impact on Plaintiff's immune system, causing a series of illnesses and autoimmune problems. Finally, as a result of the abuse she suffered as a minor child, Plaintiff struggled with alcohol abuse throughout college.

64. Plaintiff's professional soccer career was also affected by the sexual abuse she suffered as a child, as the promise and trajectory of her career did not reach the momentum and

promise she held before the sexual abuse she suffered. The trauma Plaintiff experienced as a result of the sexual abuse by a coach she trusted deeply impacted Plaintiff's focus, physical well-being, mental well-being, relationships, ability to trust, and emotional health.

65. The sexual abuse Plaintiff suffered impacted Plaintiff in ways she did not fully understand until adulthood, and continues to affect her to this day.

66. The Defendants proximately caused the injuries of Plaintiff through their negligent acts and omissions, which led to and/or directly caused the sexual and physical abuse of Plaintiff by Defendant Landry.

## COUNT I
### (NEGLIGENCE AND RESPONDEAT SUPERIOR/VICARIOUS LIABILITY AS TO ALL DEFENDANTS)

67. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

68. The Defendants, directly and through their actual/apparent agents, servants, and employees, owed a duty to Plaintiff to exercise the degree of skill and care that like organizations would have exercised under the same or similar circumstances.

69. The Defendants directly and through their actual/apparent agents, servants and employees failed to act as reasonably competent sports organizations and/or coaches would have acted under the same or similar circumstances, breached their duties to Plaintiff, violated the applicable standard of care of similarly situated companies and/or organizations, and were negligent in the following and other ways.

70. The acts or omissions of Defendants NOSA, LSA, USYSA, and USSF, did cause or contribute to the assaults perpetrated by Defendant Landry, which resulted in Plaintiff sustaining severe personal injuries for which she had to seek medical treatment.

71. As a result of the aforesaid negligence and sexual abuse, Plaintiff sustained personal injuries to her mind and body.

72. At all times pertinent herein, Plaintiff was a minor child and thus free from fault in causing said negligence; further, Plaintiff's injuries and/or damages were solely and proximately caused by the negligence and/or strict liability of the defendants, whose acts of negligence and/or strict liability which include:

   A. Operating their organizations in an unsafe, reckless and dangerous manner;

   B. Failing to be attentive and/or observe abusive behavior by their coaches;

   C. Failing to stop the abuse;

   D. Failing to supervise;

   E. Failing to implement appropriate policies and procedures;

   F. Failing to train their employees and/or coaches;

   G. Failing to properly administer their own policies and procedures for the safety of minor athletes;

   H. Failing to see what should have been seen;

   I. Failing to control their coaches, trainers, administrators, and officials; and

   J. Were otherwise negligent.

73. At all times material to the allegations set forth in this lawsuit, Defendant Brian Landry owed a duty to use ordinary care to protect the safety and well-being of the athletes he coached on the NOSA team. Defendant Landry breached this duty in numerous ways, including but not limited to the following:

   a. Failed to maintain appropriate boundaries and a level of professionalism with the student-athletes that he coached, including Plaintiff;

  b. Knew that engaging in boundary violations was wrong and would result in significant harm to his student-athletes, including Plaintiff, but proceeded regardless;

  c. Took advantage of positions of authority over the student-athletes, including Plaintiff, and used it to generate harm and injury.

 74. Defendant Landry knew or should have known that each of his acts or omissions involved an unreasonable risk of injury or harm to Plaintiff. A reasonably prudent person, in the exercise of ordinary care, would not have committed such acts or omissions.

 75. As a direct and proximate result of Defendant Landry's negligence, Plaintiff suffered personal physical injuries and damages, as set forth more fully below.

 76. At all times relevant to the allegations contained in this Complaint, Defendant Landry was an employee and/or agent of Defendants NOSA, LSA, USYSA, and USSF.

 77. At the time of the injuries complained of herein at at all times relevant, Defendant Landry was acting in the course and scope of his employment and/or agency with Defendants NOSA, LSA, USYSA, and USSF.

 78. Therefore, Defendants are liable for any wrongful act or omission of Defendant Landry related to the injuries suffered by Plaintiff.

 79. The above-referenced negligence proximately caused Plaintiff to suffer severe mental anguish, emotional pain and suffering, conscious pain and suffering, physical pain, and permanent injury.

 WHEREFORE, Plaintiff requests that judgment be entered jointly and severally against all of the Defendants in an amount that will fully, adequately, justly, and fairly compensate them and interest thereon as allowed by law and costs of this action in an amount in excess of $75,000.

**COUNT II**
**(NEGLIGENT HIRING, REHIRING INVESTIGATION, RETENTION, TRAINING, AND SUPERVISION AS TO ALL DEFENDANTS)**

80. Plaintiff restates all allegations above as though set forth fully herein.

81. Defendant Brian Landry was recruited, hired, and retained by Defendants NOSA, LSA, USYSA, and USSF, despite information available to these employers and organizations, and well known in the community, about Defendant Brian Landry's unfitness to serve in any capacity as a youth/female soccer coach.

82. Defendants NOSA, LSA, USYSA, and USSF either undertook no investigation of Defendant Landry's qualifications to coach young women, undertook an insufficient investigation, or actually knew of these Defendants prior history of indiscretions, abuse, and assaultive behavior coaching young women, and of this Defendant dating minor/underage women.

83. Under any scenario, Defendants NOSA, LSA, USYSA, and USSF breached their duties of care to Plaintiff.

84. Defendants NOSA, LSA, USYSA, and USSF knew or should have known through the exercise of reasonable care when recruiting, hiring, and employing Defendant Landry, that Defendant would be placed in a position of great authority over minor women, would be spending many hours unsupervised with minor women athletes, and would otherwise be in a position to inflict serious harm if he was not an appropriate, fit, qualified, and trustworthy employee or agent.

85. Defendants NOSA, LSA, USYSA, and USSF knew or should have known through the exercise of reasonable care that Defendant Landry was not an appropriate, fit, qualified, and trustworthy employee or agent, particularly for a position of authority over minor women athletes.

86. Defendants NOSA, LSA, USYSA, and USSF knew or should have known through the exercise of reasonable care that their acts or omissions involved an unreasonable risk of injury

or harm to Plaintiff. A reasonably prudent organization, in the exercise of ordinary care, would not have committed such acts or omissions.

87. Defendants NOSA, LSA, USYSA, and USSF further failed to act as a reasonably prudent organization would have to train and supervise Defendant Landry, given that they were placed in a position of great authority over minor women, would be spending many hours unsupervised with minor women athletes, and would otherwise be in a position to inflict serious harm if they were not appropriate, fit, qualified, and trustworthy employees or agents.

88. Defendants NOSA, LSA, USYSA, and USSF further failed to act as reasonably prudent organizations would have when they continued to retain Defendant Landry, and continued to fail to provide any supervision or training despite their knowledge of reports and allegations that Defendant was not an appropriate, fit, qualified, and trustworthy employee or agent, and was engaging in sexually inappropriate and harassing behavior toward minor women athletes.

89. Defendants NOSA, LSA, USYSA, and USSF further breached their duties to Plaintiff by failing to enact and enforce sufficient policies to prevent Defendant Landry from injuring Plaintiff and other minor women athletes under their supervision and control.

90. As a direct and proximate result of Defendants NOSA, LSA, USYSA, and USSF's breaches of duty in the hiring, retention, and supervision of Defendant Landry, Plaintiff has suffered personal physical injuries and damages, as set forth more fully below.

## COUNT III
### (NEGLIGENCE/PREMISES LIABILITY BY NOSA, LSA, USYSA, AND/OR USSF)

91. Plaintiff restates all allegations above as though set forth fully herein.

92. At all times pertinent to the abuse, Plaintiff lived in Louisiana. From 1997-2003, during the period of abuse set forth in this lawsuit, NOSA, LSA, USYSA, and/or USSF did own, operate, or control the premises upon which some or all of the grooming and abuse by Defendant

Landry occurred; namely, at soccer practices and soccer tournaments owned, controlled, and/or operated by these Defendants (including but not limited to the WAGS Tournament (Washington Area Girls Tournament). Defendants NOSA, LSA, USYSA, and/or USSF did own, operate, or control the premises or means of travel to and at the tournament in Maryland and/or at WAGS, wherein abuse of Plaintiff occurred.

93. At all times pertinent herein, Plaintiff was a minor, and thus free from fault in causing said abuse; further, the abuse was solely and proximately caused by the negligence and/or premises liability of the defendants whose acts of negligence and/or premises liability do include:

94. Defendants NOSA, LSA, USYSA, and USSF owned, occupied, controlled, or possessed the premises where Plaintiff trained, practiced, played, and participated as a member of NOSA, LSA, USYSA, and USSF.

95. Defendants owed Plaintiff a duty to ensure that the premises were reasonably safe and free from risk of harm.

96. Defendants NOSA, LSA, USYSA, and USSF knew or should have known that Defendant Landry posed a significant risk of harm to Plaintiff and other minor female athletes when he was allowed to spend time unsupervised with Plaintiff and other minor female athletes on these premises, including at tournament locations such as hotels and during travel.

97. Defendants NOSA, LSA, USYSA, and USSF breached their duties to Plaintiff by failing to take reasonable precautions to render the premises safe for Plaintiff and other minor female athletes and by failing to warn Plaintiff, other minor female athletes, and their parents of the dangers posed on the premises.

98. As a direct and proximate result of Defendants' breach of duty, Plaintiff suffered personal physical injuries and damages, as set forth more fully below and herein.

## COUNT IV
**(SEXUAL ASSAULT/SEXUAL BATTERY AS TO DEFENDANT LANDRY)**

99.     Plaintiff restates all allegations above as though set forth fully herein.

100.    Defendant Landry did intentionally sexually assault Plaintiff, thus causing each Plaintiff to suffer emotional and physical suffering and other harm.

101.    Defendant Landry did intentionally sexually assault Plaintiff Jane Doe, date of birth 04/XX/1985, by vaginally penetrating Jane Doe; thereby perpetrating sexual assault on a minor who could not and did not have the capacity to consent.

102.    As a direct and proximate result of Defendant Landry's conduct, Plaintiff suffered personal physical injuries and damages, as set forth more fully below.

103.    Defendants NOSA, LSA, USYSA, and USSF, through their employees and agents, upon information and belief, ratified and/or condoned this misconduct of Defendant Landry, and/or failed to take action to protect Plaintiff and other minor children from Landry's sexual misconduct. Thus, Defendants are liable to Plaintiff for all of their consequential damages.

## COUNT V
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO DEFENDANT LANDRY)**

104.    Plaintiff restates all allegations above as though set forth fully herein.

105.    Defendant Landry's conduct of sexually harassing, abusing, and assaulting Plaintiff as alleged above was intentional and reckless, and extreme and outrageous in nature, in that it was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.

106.    Defendant Landry's conduct as alleged above was intentional or in reckless disregard of Plaintiff.

107. As a direct and proximate result of Defendant Klein's conduct as alleged, Plaintiff has suffered significant, extreme, and severe mental and emotional distress, which no reasonable person or child should be expected to endure.

## **PRAYER**

108. As a result of the above and foregoing, Plaintiff suffered the following damages:

   a. Past and future physical pain and suffering;

   b. Past and future mental anguish;

   c. Past and future medical expenses;

   d. Past and future loss of enjoyment of life;

   e. Loss of earning capacity in the future;

   f. Court costs;

   g. Pre-judgment and post-judgment interest;

   h. Exemplary and/or punitive damages as deemed appropriate, having regard to the nature and enormity of the wrong and the mitigating or aggravating circumstances attending the wrongful acts and negligence as stated, as Defendants' actions and omissions were grossly negligent, reckless, malicious, willful, wanton, and/or in conscious indifference to the life and well-being of Plaintiff, and Plaintiff is entitled to punitive damages; and

   i. Any and all other damages, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

**WHEREFORE**, Plaintiff requests that judgment be entered jointly and severally against all of the Defendants in an will fully, adequately, justly, and fairly compensate them and interest thereon as allowed by law and costs of this action in an amount in excess of $75,000.

Respectfully submitted,

_____
Scott M. Perry, Esq., (#14763)
**BREIT BINIAZAN, P.C.**
1010 N. Glebe Rd., Suite 310
Arlington, VA 22201
P: (703) 291-6651

scott@bbtrial.com

**MICHELLE SIMPSON TUEGEL**
Texas Bar No. 24075187
*Pro Hac Vice Pending*
**MARYSSA J. SIMPSON**
Texas Bar No. 24088414
*Pro Hac Vice Pending*
**THE SIMPSON TUEGEL LAW FIRM, PLLC**
3611 Swiss Avenue, Suite 200
Dallas, Texas 75204
(214) 774-9121 (Phone)
(817)-977-9022 (Fax)
michelle@stfirm.com
maryssa@stfirm.com

*Counsel for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

_____
Scott M. Perry