**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-02775-LKG |
| v. ) | |
| ) | Dated:  August 20, 2025 |
| NEW ORLEANS SOCCER ACADEMY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

## I.   INTRODUCTION

In this civil action, the Plaintiff, Jane Doe, brings state law claims for negligence, sexual assault and battery and intentional infliction of emotional distress against the Defendants, the New Orleans Soccer Academy ("NOSA"), the Louisiana Soccer Association ("LSA"), the United States Youth Soccer Association (USYSA"), the United States Soccer Federation ("USSF") and Brian Landry, arising from alleged sexual abuse that occurred when she was a minor participant and member of NOSA, LSA, USSF and USYSA.  *See generally* ECF No. 1. Defendants LSA, USSF and USYSA have moved to dismiss the negligence claims brought against them, pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6).  ECF Nos. 37, 45 and 53.  The motions are fully briefed.  ECF Nos. 37, 37-1, 45, 45-1, 48, 49, 53, 59, 60, 61 and 62.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS-in-PART** the Defendant USSF's motion to dismiss (ECF No. 37); (2) **GRANTS-in-PART** Defendant USYSA's motion to dismiss (ECF No. 53); (3) **GRANTS-in-PART** Defendant LSA's motion to dismiss (ECF No. 45); and (4) **DISMISSES** the Plaintiff's negligence claims against these Defendants set forth in Counts I, II and III of the complaint, for lack of personal jurisdiction.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.  Factual Background

In this civil action, the Plaintiff, Jane Doe, brings state law claims for negligence, sexual assault and battery and intentional infliction of emotional distress against the Defendants, arising from alleged sexual abuse that occurred when she was a minor participant and member of Defendants NOSA, LSA, USSF and USYSA.  *See generally* ECF No. 1.  Specifically, the Plaintiff asserts the following five claims in the complaint: (1) negligence and respondeat superior/vicarious liability against all Defendants (Count I); (2) negligent hiring, rehiring investigation, retention, training, and supervision against all Defendants (Count II), (3) negligence/premises liability against Defendants NOSA, LSA, USYSA and USSF (Count III); (4) sexual assault/battery against Defendant Landry (Count IV); and (5) intentional infliction of emotion distress against Defendant Landry (Count V).  *Id*. at ¶¶ 67-107.  As relief, the Plaintiff seeks, among other things, to recover monetary damages from the Defendants.  *Id*. at Prayer for Relief.

<u>The Parties</u>

Plaintiff Jane Doe is an adult citizen and resident of Texas.  *Id*. at ¶ 1.

Defendant NOSA is a Louisiana corporation.  *Id.* at ¶ 2.

Defendant LSA is a Louisiana corporation, which has its principal place of business located in Baton Rouge, Louisiana, and it is licensed to do business in Louisiana.  *Id.* at ¶ 3; ECF No. 45-1 at 9.  Defendant LSA is the governing body of soccer in the State of Louisiana.  ECF No. 1 at ¶ 16.

Defendant USYSA is a Tennessee non-profit corporation, that has its headquarters located in Frisco, Texas, and it is licensed to do business in the State of Maryland.  *Id.* at ¶ 4; ECF No. 53-1 at 7.  Defendant USYSA organizes and oversees youth soccer in the United States.  ECF No. 1 at ¶ 17.

Defendant USSF is a New York not-for-profit corporation, which has its headquarters located in Chicago, Illinois, and it licensed to do business in the State of Maryland.  *Id.* at ¶ 5; ECF No. 37-1 at 5.

---

[1] The facts recited in this memorandum opinion are taken from the complaint, the Defendants' motions to dismiss and the briefs in support and opposition thereof.  ECF Nos. 1, 37, 45, 48, 49, 53, and 60.

Defendant Brian Landry is a resident of Missouri. *Id.* at ¶ 6. At all times relevant to this case, Defendant Landry was a coach for NOSA. *Id.* at ¶ 14.

### The Plaintiff's Allegations

The Plaintiff alleges in the complaint that she played soccer during her childhood and that she was a minor participant and member of Defendants NOSA, LSA, USYSA and USSF. *Id.* at ¶ 10. The Plaintiff also alleges that Defendant Landry was her soccer coach. *Id.* at ¶ 50.

The Plaintiff alleges that Defendant Landry repeatedly sexually harassed, assaulted and abused her, under the guise of coaching, during the period 1997 to 2003. *Id.* at ¶¶ 48-66. The Plaintiff also alleges that Defendant Landry was a coach for Defendant NOSA and that Defendant NOSA "operated under [Defendants] LSA's, USYSA's and USSG's governance and control." *Id.* at ¶ 14.

In this regard, the Plaintiff alleges that Defendant Landry sexually assaulted her during the Fall of 2000, when she was approximately 15 years old, during a Washington Area Girls Soccer Tournament (the "WAGS Tournament") held in Maryland. *Id.* at ¶¶ 54-56. At the time, the WAGS Tournament was the premier all-girls soccer tournament in the United States and Canada. ECF No. 49-3 at 4; *see also* www.wagstournament.com (WAGS is now known as Women and Girls in Soccer.).

In addition, the Plaintiff alleges that Defendant Landry had a history of sexually inappropriate behavior with minor athletes and that Defendants NOSA, LSA, USYSA and USSF knew, or should have known, about this history. ECF No. 1 at ¶ 41. In this regard, the Plaintiff alleges that Defendants NOSA, LSA, USYSA and USSF failed to inform her and other athletes about Defendant Landry's alleged prior sexual misconduct. *Id.* at ¶ 42.

In Count I of the complaint, the Plaintiff asserts a negligence and respondeat superior/ vicarious liability claim against the Defendants and she contends that the Defendants owed her a duty to "exercise the degree of skill and care that like organizations would have exercised under the same or similar circumstances." *Id.* at ¶ 68. The Plaintiff also contends that the Defendants breached that duty by "[causing or contributing] to the assaults perpetrated by Defendant Landry." *Id.* at ¶ 70.

In Count II of the complaint the Plaintiff asserts a negligent hiring, rehiring investigation, retention, training, and supervision claim against the Defendants and she alleges that the Defendants knew, or should have known, "through the exercise of reasonable care when

recruiting, hiring, and employing Defendant Landry that [Defendant Landry] would be placed in a position of great authority over minor women" . . . and that Defendant Landry "was not an appropriate, fit, qualified, and trustworthy employee or agent." *Id*. at ¶¶ 84-85.

In Count III of the complaint, the Plaintiff asserts a negligence/premises claim against the Defendants and she alleges that Defendants NOSA, LSA, USYSA and USSF "owned, occupied, controlled, or possessed the premises where [she] trained, practiced, played, and participated [in soccer] as a member of NOSA, LSA, USYSA and USSF" and that these Defendants owed her, and breached, "a duty to ensure that the premises were reasonably safe and free from risk of harm." *Id*. at ¶¶ 94-95 and 97.

Lastly, the Plaintiff contends that, as a direct and proximate result of the Defendants' acts and omissions with regards to Defendant Landry, she has suffered injuries, including mental anguish and medical expenses. *Id*. at ¶ 59. And so, the Plaintiff seeks, among other things, to recover monetary damages from the Defendants. *Id*. at Prayer for Relief.

### B.     Relevant Procedural History

The Plaintiff commenced this matter on September 27, 2024. ECF No. 1. On December 27, 2024, Defendant USSF filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and a memorandum in support thereof. ECF Nos. 37 and 37-1. On May 2, 2025, the Plaintiff filed a response in opposition to the motion. ECF No. 49. Defendant USSF filed a reply brief on May 30, 2025. ECF No. 59.

On April 4, 2025, Defendant LSA filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and a memorandum in support thereof. ECF Nos. 45 and 45-1. On May 2, 2025, the Plaintiff filed a response in opposition to the motion. ECF No. 48. Defendant LSA filed a reply brief on June 2, 2025. ECF No. 61.

Lastly, on May 19, 2025, Defendant USYSA filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and a memorandum in support thereof. ECF Nos. 53 and 53-1. On June 2, 2025, the Plaintiff filed a response in opposition to the motion. ECF No. 60. Defendant USYSA filed a reply brief on June 16, 2025. ECF No. 62.

The Defendants' respective motions to dismiss having been fully briefed, the Court resolves the pending motions.

## III.   LEGAL STANDARDS

### A.  Rule 12(b)(2) And Personal Jurisdiction

A motion to dismiss for lack of personal jurisdiction brought pursuant to Fed. R. Civ. P. 12(b)(2) "raises an issue for the [C]ourt to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016).  The burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  To do so, a plaintiff need only make "a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson*, 816 F.3d at 268 (citation omitted).  When deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(2), the Court may "rule solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint." *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 437 (D. Md. 2019) (citations omitted).  And so, the Court must consider all disputed facts and make reasonable inferences in favor of the plaintiff in determining whether the plaintiff has made the requisite showing that the Court possesses personal jurisdiction over a defendant. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

For the Court to assert personal jurisdiction over a non-Maryland resident defendant, two conditions must be satisfied:  (1) the exercise of jurisdiction must be authorized under the State's long-arm statute and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Carefirst*, 334 F.3d at 396 (citation omitted).  In this regard, Maryland courts "have consistently held that the State's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." *Id*.  And so, the Court's jurisdiction over a non-Maryland resident comports with due process if the defendant has "minimum contacts" with the forum, such that exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

Maryland's long-arm statute authorizes personal jurisdiction over out-of-state defendants for suits arising out of specified actions taken in Maryland, including transacting business or performing work, using or having an interest in real property, and causing tortious injury in Maryland.  Md. Code Ann. § 6-103.  The statute also authorizes the exercise of personal jurisdiction for suits relating to tortious injury outside of the state caused by a party that regularly does or solicits business in the state, engages in a persistent course of conduct in the state, or

5

derives substantial revenue from goods, services, or products used or consumed in the state. *Id*.

The Court may exercise either general jurisdiction—arising from a defendant's contacts with a forum state which are so systematic and continuous as to essentially place the defendant "at home"—or specific jurisdiction—arising from an "affiliation between the forum and the underlying controversy." *Ark. Nursing Home Acquisitions, LLC v. CFG Cmty. Bank*, 460 F. Supp. 3d 621, 639 (D. Md. 2020) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty.*, 582 U.S. 255, 262-63 (2017)). With regards to general jurisdiction, a corporations' "place of incorporation and principal place of business are 'paradig[m]. . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Specific jurisdiction, on the other hand, requires consideration of: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst*, 334 F.2d at 397 (citations omitted). And so, the United States Court of Appeals for the Fourth Circuit has recognized that one factor indicating "purposeful availment" is whether the defendant "reached into the forum state to solicit or initiate business." *Ark. Nursing Home Acquisitions,* 460 F. Supp. 3d at 639-40 (quoting *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (cleaned up)).

**IV.   ANALYSIS**

Defendants USSF, USYSA and LSA have moved to dismiss the negligence claims brought against them in this civil action, pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6), upon the following two grounds: (1) the Court lacks personal jurisdiction over these Defendants and (2) the Plaintiff fails to state plausible negligence claims against them in Counts I, II and III of the complaint. ECF Nos. 37, 45 and 53. Specifically, the Defendants argue that the Plaintiff fails to make a *prima facie* showing that the Court may exercise either general or specific personal jurisdiction over them in connection with this matter, because: (1) none of the claims asserted against them in the complaint are based upon allegations that arise out of their transacting any business in Maryland, or causing tortious injury in Maryland and (2) the complaint fails to allege facts to show that these Defendants have minimum contacts with Maryland. ECF No. 37-1 at 3-5; ECF No. 45-1 at 4-9; ECF No. 53-1 at 3-7. The Defendants also argue that the Court should

dismiss the negligence claims asserted against them in Counts I, II and III of the complaint, because the Plaintiff fails to state plausible negligence claims in the complaint. ECF Nos. 37-1 at 7-19; ECF No. 45-1 at 11-17; ECF No. 53-1 at 8-17. And so, the Defendants request that the Court dismiss the negligence claims brought against them in the complaint. ECF Nos. 37-1 at 20; ECF No. 45-1 at 18; ECF No. 53-1 at 18.

The Plaintiff counters that the Court should not dismiss her negligence claims against Defendants USSF, USYSA and LSA, because she has made a *prima facie* showing of personal jurisdiction over these Defendants in the complaint. ECF No. 49 at 6-10; ECF No. 48 at 7-10; ECF No. 60 at 6-10. In the alternative, the Plaintiff requests that the Court defer ruling on the Defendants' motion to dismiss for lack of personal jurisdiction, so that she may conduct discovery on this jurisdictional issue. ECF No. 49 at 10-13; ECF No. 48 at 10-13; ECF No. 60 at 10-13. The Plaintiff also argues that the Court should not dismiss her negligence claims against Defendants USSF, USYSA and LSA, because she states plausible negligence claims in the complaint. ECF No. 49 at 14-19; ECF No. 48 at 13-28; ECF No. 60 at 13-20. And so, the Plaintiff requests that the Court deny the Defendants' motions to dismiss. ECF No. 49 at 20; ECF No. 48 at 28; ECF No. 60 at 31.

For the reasons that follow, a careful reading of the complaint, and the evidence provided by the Plaintiff, shows that the Plaintiff has not met her burden to make a *prima facie* showing that the Court possesses personal jurisdiction over Defendants USSF, USYSA and LSA. And so, the Court: (1) GRANTS-in-PART the Defendant USSF's motion to dismiss (ECF No. 37); (2) GRANTS-in-PART Defendant USYSA's motion to dismiss (ECF No. 53); (3) GRANTS-in-PART Defendant LSA's motion to dismiss (ECF No. 45); and (4) DISMISSES the Plaintiff's negligence claims against these Defendants, set forth in Counts I, II and III of the complaint, for lack of personal jurisdiction.

### A. The Plaintiff Has Not Established Personal Jurisdiction

As an initial matter, Defendants USSF, USYSA and LSA argue with persuasion that the Plaintiff has not made a *prima facie* showing that the Court possesses personal jurisdiction over them in this matter. To assert personal jurisdiction over these non-Maryland resident defendants, the Court must determine that two conditions are satisfied: (1) the exercise of jurisdiction must be authorized under the State of Maryland's long-arm statute and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment. *Carefirst*, 334

F.3d at 396 (citation omitted).  In this regard, Maryland courts "have consistently held that the State's long-arm statute is coextensive with the limits of personal jurisdiction set out by the Due Process Clause of the Constitution." *Id*.  And so, the Court's jurisdiction over a non-Maryland resident defendant comports with due process, if the defendant has "minimum contacts" with the forum, such that exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316 (citation omitted); *see also Carefirst,* 334 F.3d at 397 (the exercise of personal jurisdiction complies with the due process clause if the defendant has "minimum contacts" with the forum, such that requiring the defendant to defend its interests in that forum "does not offend traditional notions of fair play and substantial justice.") (citations omitted).

Relevant to the pending motions to dismiss, Maryland's long-arm statute authorizes personal jurisdiction over out-of-state defendants for suits arising out of specified actions taken in Maryland, including transacting business or performing work, using or having an interest in real property, and causing tortious injury in Maryland.  Md. Code Ann. § 6-103.  The statute also authorizes the exercise of personal jurisdiction for suits relating to tortious injury outside of the State caused by a party that regularly does or solicits business in the State, engages in a persistent course of conduct in the State, or derives substantial revenue from goods, services, or products used or consumed in the State.  *Id*.  In addition, the Court may exercise either general jurisdiction—arising from a defendant's contacts with a forum state which are so systematic and continuous as to essentially place the defendant "at home"—or specific jurisdiction—arising from an "affiliation between the forum and the underlying controversy." *Ark. Nursing Home Acquisitions*, 460 F. Supp. 3d at 639 (quoting *Bristol-Myers Squibb*, 582 U.S. at 262-63).  With regards to general jurisdiction, a corporations' "place of incorporation and principal place of business are 'paradig[m]. . . bases for general jurisdiction.'" *Daimler*, 571 U.S. at 137 (quoting *Goodyear*, 564 U.S. at 924).  Specific jurisdiction, on the other hand, requires consideration of: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst*, 334 F.2d at 397 (citations omitted).  And so, the Fourth Circuit has recognized that one factor indicating "purposeful availment" is whether the defendant "reached into the forum state to solicit or initiate business." *Ark. Nursing Home Acquisition,* 460

F. Supp. 3d at 639-40 (quoting *Consulting Eng'rs*, 561 F.3d at 278 (cleaned up)).

      Applying the above standards to this case, a careful reading of the complaint shows that the Plaintiff has not met her burden to make a *prima facie* showing that the Court may exercise personal jurisdiction over Defendants USSF, USYSA and LSA for several reasons.

      First, the complaint makes clear that the Plaintiff has not alleged facts that, taken as true, establish personal jurisdiction with regards to Defendant USSF. It is undisputed that Defendant USSF is a New York not-for-profit corporation, which has its headquarters located in Chicago, Illinois. ECF No. 1 at ¶ 5; ECF No. 37-1 at 5. Given this, there can be no genuine dispute that there is no basis for the Court to exercise general personal jurisdiction over Defendant USSF in this case. *Daimler*, 571 U.S. at 137.

      The Court also agrees with Defendant USSF that the complaint lacks facts to establish a basis for exercising personal jurisdiction over Defendant USSF under Maryland's long-arm statute. Notably, the complaint does not allege that Defendant USSF transacts business, performs work, contracts to supply goods, or services, manufactures products, or holds real estate in Maryland. *See* ECF No. 1. The complaint similarly lacks facts to show that Defendant USSF engaged in tortious acts or omissions that occurred in Maryland. *See id*. Nor does the complaint contain facts to show that Defendant USSF regularly transacts business, engages in a persistent course of conduct, or derives substantial revenue from goods or services in the State of Maryland. *See id*.; *see also* Md. Code § 6-103(a)(4); *Carefirst*, 334 F.3d at 397 (citations omitted). And so, the factual allegations in the complaint also do not support the exercise of specific jurisdiction over Defendant USSF in this case.

      The Plaintiff has also not made a *prima facie* showing that the Court may exercise personal jurisdiction over Defendant LSA in this case. It is undisputed that Defendant LSA is a Louisiana corporation, which has its principal (and only) place of business located in Baton Rouge, Louisiana. ECF No. 1 at ¶ 3; ECF No, 45-1 at 9; *see also* ECF No. 45-2 (Esker Decl.) at ¶ 6. Given this, there is no basis for the Court to exercise general personal jurisdiction over Defendant LSA in this case. *Daimler*, 571 U.S. at 137.

      The complaint also lacks facts to establish a basis for exercising personal jurisdiction over Defendant LSA under Maryland's long-arm statute. The complaint does not allege that Defendant LSA transacts business, performs work, contracts to supply goods, or services, manufactures products, or holds real estate in Maryland. *See* ECF No. 1. The complaint

similarly lacks facts to show that Defendant LSA engaged in tortious acts or omissions that occurred in Maryland. *See id*.

Nor does the Plaintiff allege that Defendant LSA regularly transacts business, engages in a persistent course of conduct, or derives substantial revenue from goods or services in the State of Maryland. ECF No. 1; *see also* Md. Code§ 6-103(a)(4). In fact, there is no dispute in this case that Defendant LSA has never maintained an office, possessed any real property, had any employees, or solicited business, in the State of Maryland. ECF No. 45-2; ECF No. 48. And so, the factual allegations in the complaint do not support the exercise of specific jurisdiction over LSA in this case.

The Plaintiff similarly fails to make a *prima facie* showing of personal jurisdiction with regards to Defendant USYSA. It is undisputed that Defendant USYSA is a Tennessee non-profit corporation, that has its headquarters located in Frisco, Texas. ECF No. 1 at ¶ 4; ECF No. 53-1 at 7. And so, there is no basis for the Court to exercise general jurisdiction over Defendant USYSA in this case. *Daimler*, 571 U.S. at 137.

While a somewhat closer question, the complaint also lacks facts to show that this Court should exercise personal jurisdiction over Defendant USYSA under Maryland's long arm statute. In this regard, the Plaintiff alleges, and it is not disputed, that Defendant USYSA is licensed to do, and/or does, business in the State of Maryland. ECF No. 1 at ¶ 4. USYSA also acknowledges that it had one employee in Maryland between 2017-2020. ECF No. 53-2 (Condone Decl.) at ¶ 13. In addition, USYSA acknowledges that it used facilities located in Maryland for three National Championships held in 2002, 2003 and 2014. *Id.* at ¶¶ 9 and 14.

But it is undisputed that Defendant USYSA has never contracted to supply goods, foods, services, or manufactured products, or maintained an office, in Maryland. There are also no facts in the complaint to show that Defendant USYSA regularly transacts business, engages in a persistent course of conduct, or derives substantial revenue from goods or services in Maryland, to support the Plaintiff's negligence claims based upon tortious conduct that allegedly occurred outside of Maryland. ECF No. 53-2 at ¶ 11; *see also Phillips v. British Airways*, 743 F. Supp. 3d 702, 713-15 (D. Md. 2024) (finding no personal jurisdiction where the claims did not "arise out of" and were not sufficiently "related to" the defendant's activities in Maryland). And so, the factual allegations in the complaint also do

10

not support the exercise of specific personal jurisdiction over Defendant USYSA in this case. *Pandit v. Pandit*, 808 F. App'x 179, 186-87 (4th Cir. 2020) (holding that "the contacts resulting from the conduct must be continuous over a long period of time.").

The Plaintiff's arguments to establish personal jurisdiction over Defendants USSF, LSA and USYSA are also not persuasive. The Plaintiff first argues that the Court may exercise personal jurisdiction over these Defendants, because the complaint alleges that she was sexually assaulted at the WAGS Tournament, which occurred in Maryland, and the Defendants held, supervised, or controlled this tournament. *See* ECF No. 48; ECF No. 49; ECF No. 60. To support this argument, the Plaintiff has submitted to the Court information from the website for the 2000 WAGS Tournament. ECF Nos. 48-2; ECF No. 49-2; ECF No. 60-2; ECF No. 60-3; *see also* ECF No. 48; ECF No. 49; ECF No. 60.

But a careful reading of these documents shows that the WAGS Tournament was operated by WAGS, and not by the Defendants. ECF No. 48-2; ECF No. 49-2; ECF No. 60-2; ECF No. 60-3. Notably, Defendant LSA does not appear to be mentioned anywhere in these documents. *See id*. Defendant LSA also represents to the Court that any actions related to the Plaintiff's participation the WAGS Tournament would have been undertaken by Defendant NOSA. ECF No. 61 at 3-4.

While the logo for Defendant USYSA does appear in one of the documents provided by the Plaintiff, this logo appears along the side of the logos of other soccer organizations (including the logo for WAGS) and Defendant USYSA represents to the Court that it did not own, or operate the WAGS Tournament. *See* ECF No. 48-2; ECF No. 49-2; ECF No. 60-2; ECF No. 60-3; ECF No. 53-2 at ¶ 16. The Court also observes that the only mention of Defendants USSF and USYSA in these documents is a statement that the two state soccer associations overseeing the WAGS Tournament are "affiliated with [USYSA], USSF, and FIFA." *See, e.g.*, ECF No. 60-3 at 2. Given this, the evidence before the Court does not show that Defendants USSF, LSA and USYSA actually held, supervised, or controlled the WAGS Tournament, as the Plaintiff contends.

The Plaintiff's argument that personal jurisdiction can be established over the Defendants, because Defendant Landry was acting as an agent of these Defendants when he engaged in the alleged misconduct in Maryland, is also unsupported by the factual allegations in the complaint. Notably, the Plaintiff acknowledges in the complaint that Defendant Landry was

11

a coach for Defendant NOSA. ECF No. 1 at ¶¶ 14 and 31.

While the Plaintiff does allege that, "upon information and belief, Defendant NOSA "operated under LSA, USYSA, and USSF's governance and control," and that Defendant Landry "is affiliated with, and coaching for, organizations operating under [Defendants USYSA's and USSF's] governance and control, these allegations are conclusory in nature and not supported by any other facts in the complaint. ECF No. 1 at ¶ 14; *see also* ECF No. 1 at ¶¶ 32, 34, 40 and 76-77. With regards to Defendant LSA, Defendant LSA also represents to the Court, and the Plaintiff does not dispute, that the Constitution of the Louisiana Soccer Association: Youth Division Administration requires that each soccer league retains its own autonomy. *See* ECF No. 45-3 at 1. And so, this requirement also contradicts the Plaintiff's argument that Defendant Landry could have been an agent or employee of Defendant LSA.

In sum, the factual allegations in complaint, and the other evidence currently before the Court, are simply not sufficient to show that the Defendants at issue held, supervised, or controlled the WAGS Tournament, or that Defendant Landry was an agent of the Defendants for the purpose of establishing personal jurisdiction in this Court. And so, for this reason, the Court must GRANT the Defendants' respective motions to dismiss the negligence claims brought against them in this case for lack of personal jurisdiction.

### B.   The Plaintiff Has Not Shown That Jurisdictional Discovery Is Warranted

The Court also observes as a final matter that the Plaintiff has not shown that jurisdictional discovery is warranted, before the Court resolves the pending motions to dismiss. The Court, in its discretion, may permit discovery as to a jurisdictional issue. *Jones v. Mutal of Omaha Ins. Co.*, 639 F. Supp. 3d 537, 544 (D. Md. 2022) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). But the Court should only do so, if the Plaintiff "can demonstrate that such discovery would yield 'additional facts' that would 'assist the court in making the jurisdictional determination.'" *FrenchPorte IP, LLC v. Martin Door Mfg., Inc.*, Civil Action No. TDC-14-0295, 2014 WL 4094265, at *5 (D. Md. Aug. 14, 2014) (citation omitted). But that is not the case here.

Here, the facts regarding the subject Defendants' contacts with the State of Maryland are undisputed. The evidence provided by the Plaintiff about the 2000 WAGS Tournament also fails to support her claim that Defendants USSF, USYSA and LSA held, organized, supervised, or controlled this tournament. *See* ECF No. 48; ECF No. 59; ECF No. 60.

In addition, the Plaintiff has not explained what jurisdictional facts she expects to discover that would show that Defendant Landry was an agent of these Defendants. ECF Nos. 49 at 12-15; ECF No. 48 at 12-15; ECF No. 60 at 12-15; *see also Carefirst*, 334 F.3d at 402 (citing, among others, *McLaughlin v. McPhail*, 707 F.2d 800, 806 (4th Cir. 1983) (holding that district court did not abuse its discretion in denying jurisdictional discovery when, "[a]gainst the defendants' affidavits," plaintiff "offered nothing beyond his bare allegations that the defendants had had significant contacts with the [forum] state of Maryland" (internal quotation marks omitted)). And so, the Court declines to permit such discovery before resolving the pending motions to dismiss.[2]

## V. CONCLUSION

For the foregoing reasons, the Court:

1. **GRANTS-in-PART** the Defendant USSF's motion to dismiss (ECF No. 37);

2. **GRANTS-in-PART** Defendant USYSA's motion to dismiss (ECF No. 53);

3. **GRANTS-in-PART** Defendant LSA's motion to dismiss (ECF No. 45); and

4. **DISMISSES** the Plaintiff's negligence claims against these Defendants, set forth in Counts I, II and III of the complaint, for lack of personal jurisdiction.

A separate Order shall issue

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge

---

[2] Because the Court will dismiss the Plaintiff's negligence claims against Defendants USSF, USYSA and LSA for lack of personal jurisdiction, the Court does not reach or address the remaining issues raised in the Defendants' respective motions to dismiss.